UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-21248-CIV-HUCK/SIMONTON

BARBARA GOLDBACH,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court upon Defendant's Motion for Summary Judgment, filed November 8, 2006. The Court has considered the Motion, Plaintiff's Response thereto and Defendant's Amended Reply in further support thereof. The Court is duly advised in the premises.

## BACKGROUND

This is an action for a personal injury sustained by Plaintiff, Barbara Goldbach, on the May 22, 2005 sailing of Defendant's cruise ship, the Norwegian Dawn. While at sea, Plaintiff attended a show in the ship's "Stardust Theater" by a performer named Edzui "Edge" Szumowski. Szumowski was an independent contractor employed by a talent agency, Blackburn International. During the course of the show, Szumowski dropped an object from the stage and into the audience. After Plaintiff returned the object to the stage, Szumowski threw it back, directly toward Plaintiff's face. Szumowski did so because he "thought it would be funny" and make the audience laugh. Plaintiff successfully blocked the object with her right hand, but was injured in the process.

On May 18, 2006, Plaintiff filed her three-count Complaint against the Defendant cruise line. In Count I, Plaintiff claims that Defendant is directly liable for negligence. In Count II, Plaintiff seeks to hold the Defendant cruise line vicariously liable for the injury she sustained on account of the performer, Szumowski's battery upon her. Finally, in Count III, Plaintiff seeks to hold Defendant vicariously liable for the injury she sustained on account of Szumowski's negligence. Defendant has moved for summary judgment on all three Counts of Plaintiffs Complaint.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen,* 121 F.3d at 646. On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party, and determine whether that evidence could reasonably sustain a jury verdict. *Celotex*, 477 U.S. at 322-23; *Allen,* 121 F.3d at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

## ANALYSIS

In Count I of her Complaint, Plaintiff seeks to hold Defendant directly liable for negligence. Plaintiff claims that Defendant was directly negligent by (1) failing to use reasonable care under the circumstances, (2) allowing an unsafe and hazardous condition to exist on board the ship, (3) failing to properly and adequately warn her as to the dangerous condition; (4) failing to properly evaluate Szumowski's performance; and (5) failing to perform a background check on Szumowski. Defendant argues that it is entitled to summary judgment on Count I because it seeks to extend Defendant's duty of care beyond what is reasonable under the circumstances and, instead, make Defendant an insurer of its passengers' safety.

Defendant first challenges Plaintiffs allegations of "dangerous conditions" by noting that the performer in this case was a natural person and not a "condition." Plaintiff do not respond to this

aspect of Defendant's Motion and appear to have abandoned this theory of liability.  Instead, Plaintiff focuses her Response on Defendant's alleged failure to investigate the character of Szumowski's act and provide adequate warnings as to the reasonably foreseeable dangers it posed.  While Defendant is correct in asserting that a cruise line is not the insurer of its passengers' safety, it still owes a duty to its passengers to exercise reasonable care under all the circumstances. *McCormick Shipping Corp. v. Warner*, 129 So.2d 448 (Fla. 3d DCA 1961); *Carlisle v. Carnival Corp.*, 864 So.2d 1 (Fla. 3d DCA 2003).  This duty includes a duty to warn passengers of dangers the cruise line knows or reasonably should have known.  *See Carlisle v. Ulysses Line Ltd., S.A.*, 475 So.2d 248 (Fla. 3d DCA 1985).   The question of whether Defendant knew or should have known of the danger posed by Szumowski's performance is a genuine issue of material fact  precluding summary judgment.

Although Defendant makes much of the fact that Plaintiff and Plaintiff's husband acknowledged in their depositions that Szumowski's action in throwing the object that injured Plaintiff was not a planned part of the show, Plaintiff has adduced sufficient evidence of the physical and highly audience-interactive nature of Szumowski's act from which a reasonable fact finder could infer that Defendant was directly negligent in failing to warn audience members or take other measures to protect their safety.  Specifically, Plaintiff has submitted a promotional video of Szumowski's act which indicates that the act was somewhat improvisational.  The video shows Szumowski throwing things at audience members for the entertainment of the audience.  Moreover, Plaintiff cites Szumowski's own deposition statement that he threw the object in question here because he thought it would be funny and entertain the crowd.  In view of the foregoing, it appears that Plaintiff's own assessment of whether Szumowski's conduct was part of the show is not dispositive of the question of whether the Defendant cruise line knew or should have known that Szumowski's act posed a danger of physical injury to audience members.   Therefore, the Court will not enter summary judgment as to Count I.

As for Counts II and III, however, summary judgment in favor of Defendant *is* appropriate.  Counts II and III seek to hold Defendant vicariously liable for Szumowski's alleged battery and negligence, respectively.   It is undisputed that Szumowski was an independent contractor.  Where a performer is on board a vessel pursuant to an agreement between the cruise line and the performer's employer, and there is no evidence that the is permanently attached to the ship as a crew member, that

the cruise line has the right to control how the performer's act is performed, or that the performer's salary is paid by the cruise line, the performer's negligence cannot be imputed vicariously to the cruise line. *McCann v. SeaEscape, Ltd., Inc.*, 641 So.2d 892 (Fla. 3d DCA 1994).

Plaintiff seeks to avoid summary judgment on its Counts based on vicarious liability by asserting that Szumowski was cloaked in *apparent* agency. Apparent agency is established where (1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, (2) that such a belief was reasonable and (3) that the claimant reasonably acted on such belief to her detriment. *See Doonan v. Carnival Corp.*, 404 F.Supp.2d 1367 (S.D.Fla. 2005). Other than her conclusory statement in paragraph 18 of the Complaint that "Defendant held the entertainment on the vessel as [its] own, such that a reasonable person would believe the performer was an employee of [] Defendant", Plaintiff has neither alleged nor proven the elements noted above.

Even if Plaintiff *had* alleged the elements of apparent agency as set forth in *Doonan*, other courts in this District have been unwilling to allow recovery based on a theory of apparent agency in admiralty cases. *Id*. (citing *Warren v. Ajax Navigation Corp.*, 1995 AMC 2609 (S.D.Fla. 1995)). The court in *Doonan* accordingly limited its holding to the unique facts alleged in the case before it. There, a plaintiff sought to hold a cruise line vicariously liable for the negligence of a ship's doctor on a theory of apparent agency. The allegedly negligent doctor wore a cruise line uniform, ate with the ship's crew and was held out to the passengers as an officer of the ship. *Doonan*, 404 F.Supp.2d at 1372.

While Plaintiff here attempts in her Response to the Motion for Summary Judgment to establish that the performer Szumowski was similarly "held out" as Defendant's agent, she falls short. Plaintiff's deposition testimony that Szumowski's show was listed in the ship's daily guide of on board activities and the fact that the cruise line's website touts the Norwegian Dawn's Broadway style theater and entertainment do not create the appearance that Szumowski was Defendant's agent. As was the case in *Warren,* where recovery on a theory of apparent agency was *not* allowed, such materials do not rise to the level of a "true holding out" or "a manifestation that an agency existed" between Defendant and Szumowski. Therefore, summary judgment in favor of Defendant is appropriate with respect to Counts II and III. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgement is DENIED as to Count I of the Complaint and GRANTED as to Counts II and III.   Summary judgment is hereby entered in favor of Defendant with respect to Counts II and III.

DONE AND ORDERED in Chambers, Miami, Florida, December 20, 2006.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record